# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
JOHNNY STURDIVANT,      \*
                                     \*    No. 16-1672
              Petitioner,    \*    Special Master Christian J. Moran
                                     \*
v.                                \*    Filed: January 8, 2019
                                     \*
SECRETARY OF HEALTH    \*    Attorneys' Fees and Costs
AND HUMAN SERVICES,     \*
                                     \*
              Respondent.    \*
* * * * * * * * * * * * * * * * * * * *

<u>Diana L. Stadelnikas</u>, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner;
<u>Ashley M. Simpson</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Johnny Sturdivant, brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. He now seeks an award for attorneys' fees and costs. He is awarded $24,190.56.

\*       \*       \*

On May 15, 2017, Johnny Sturdivant filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.*, for injuries sustained from an influenza ("flu") vaccination administered on January 13, 2014, causing him to suffer Guillain-Barré Syndrome ("GBS"). The parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $50,000.00. Decision, issued September 27, 2018.

On November 7, 2018, petitioner filed a motion for attorneys' fees and costs. ("Fees App."). The motion seeks a total of $25,027.36, comprised of $23,791.30 in attorneys' fees and $1,236.06 in attorneys' costs. Id. at 1. In compliance with General Order No. 9, petitioner filed a signed statement indicating that no costs were personally incurred. Id. at 2.

On November 16, 2018, respondent filed a response to petitioner's motion. In his response, Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't's Resp. at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

On November 19, 2018 petitioner filed a reply to respondent's motion. Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable. Reply at 4.

\*       \*       \*

Because petitioner was awarded compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine

reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

    A.    <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for attorney Diana Stadelnikas and the paralegals who assisted with this case. For Ms. Stadelnikas, petitioner requests the rates of $359 per hour for work performed in 2016, $372 per hour for work performed in 2017 and $396 per hour for work performed in 2018. As these rates are in accordance with those previously awarded to Ms. Stadelnikas, I find them reasonable and will award them in full. Regarding the paralegals, petitioner requests the rates between $135 - $148 per hour for all work performed. I find these rates reasonable and award them in full.

    B.    <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

The undersigned finds it reasonable to reduce petitioners' fees award due to time billed for administrative work. Paralegals billed 5.80 hours for administrative tasks such as organizing, finalizing documents, and reviewing correspondence. Fees. App., Ex 1 at 2-14. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"). The undersigned reduces the fee application for administrative time in the amount of **$836.80**.[2]

### C. Costs Incurred

Petitioner requests a total of $1,236.06 in attorney's costs, consisting of costs expended for medical records, filing fees, and postage. Fees App. at 1. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

After reviewing the documentation, the undersigned finds no cause to reduce petitioners' request for attorney costs and awards the full amount sought.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$24,190.56** (representing $22,954.50 in attorneys' fees and $1,236.06 in costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Ms. Diana Stadelnikas, Esq

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[2] This amount consists of (0.60 hrs x $135 hr = $81.00) + (4.6 hrs x $145 hr = $667.00) + (0.60 hrs x $148 hr = $88.80) = $836.80.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master